SAMUEL FEIGELMAN, Appellant, *v.* LEFRAK & ALBERT, INC., Respondent.

(Supreme Court, Appellate Term, First Department, October Term — Filed November, 1920.)

Pleading — negotiable instruments — United States revenue stamps on checks — protest.

> The complaint in an action to recover on a check need not allege that the necessary revenue stamps were affixed to the instrument and cancelled.

> An objection to the complaint as defective because of the want of an allegation that the instrument was protested for non-payment and notice of dishonor given, is answered by allegations that the check was duly presented for payment but was not paid, of all which, notice was given to the defendant.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district.

Joseph Schottland, for appellant.

Benjamin Burrows, for respondent.

*Per Curiam.* The complaint sets forth a cause of action on a post dated check for $1,000, and the court below has dismissed the complaint on the ground that plaintiff failed to allege that he had duly complied with the federal statutes requiring the placing of a war stamp on the instrument. We feel that there is no valid ground for the decision that has been made. The statute requiring persons to affix stamps to negotiable instruments provides a penalty for failure to do so, but there is no established rule which requires plaintiff to allege in a complaint to recover upon a check that he has affixed and cancelled the required amount of revenue stamps. It is urged too that the complaint is defective in that it contains no allegation that the instrument was protested for non-payment and notice of dishonor given. A complete answer to this is found in the " fifth " paragraph of the complaint which reads: " That said check was thereafter duly presented for payment, but was not paid, of all which, notice was given to said defendant."

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

Present: BIJUR, DELEHANTY and WAGNER, JJ.

Judgment reversed and new trial granted, with costs to appellant to abide event.